

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable C. H. Cavness
State Auditor
Austin 11, Texas

Opinion No. 0-7397

Dear Mr. Cavness:

Re: Liability of the Prison
Industrial Revolving Fund
for payment of certain
expenses.

We have your request for an opinion upon the above
captioned subject matter, as follows:

"1. Can new machinery for these industries -
such as lathes, vats, cooking and hold-
ing tanks, conveyors, presses, stamping
machines, sewing machines, motors, etc.,
as well as new boilers, furnaces, etc.,
be purchased from the Prison Industrial
Revolving Fund?

"2. Can repairs to industrial machinery,
buildings, boilers, etc., be paid out of
this fund?

"3. Can any salaries or wages be paid from
this fund to employees in such prison
industries and/or livestock or farming
program?"

Your inquiry necessitates, of course, a construction
of that portion of the current appropriation for the Texas
Prison System, reading as follows:

"For the purpose of efficiency and economically
purchasing supplies and materials necessary for the
operation and maintenance of the Prison System's
shoe shop, print shop, garment factory, textile mill,
sugar mill, canning plant, agricultural and livestock
program, license plate plant, brick plant, tannery,
and any other industry of the Prison System, and for

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the processing, packaging and distributing the
goods produced by the Prison Industries there
is hereby reappropriated for each year of the
biennium beginning September 1, 1945, the Prison
Industrial Revolving Fund of Fifty Thousand ($50,000.00)
Dollars created by Chapter 403 (H. B. 78), Acts of the
First Called Session of the 44th Legislature and de-
posited in equal amounts in the First National Bank
and the Huntsville National Bank in Huntsville, Texas,
subject to and with the benefits contemplated in the
provisions of said Act.  The Prison Industrial Re-
volving Fund in the State Treasury and all deposits
thereto during the biennium beginning September 1,
1945, are appropriated for each year of the biennium
and all withdrawals from the Prison Industrial
Revolving Fund in the State Treasury made in carry-
ing out said Chapter 403, shall be made on vouchers
of the Prison System signed by the General Manager
and Auditor of the Prison System and approved by
the State Board of Control and the State Comptroller.
The Comptroller shall issue his warrants in payment
of said vouchers, when properly signed and approved,
out of any money in said Treasury Account."

        In our Opinion No. O-7077, referred to by you, it is
true, as you state, that we dealt with the agricultural and
livestock program in particular. While this is true, nevertheless
that opinion forecast the answers to your present inquiry.  In
other words, we construed this appropriation, and we shall here
follow the same construction as there made.  We therefore
answer your questions as follows:

        Questions 1 and 2 are answered in the affirmative.
The language of the appropriation purchasing supplies and mater-
ials necessary for the operation and maintenance of the Prison
System activities mentioned clearly, we think, embraces new
machinery, such as those enumerated in your Question 1. We are
also of the opinion that by reasonable implication, it includes
repairs, such as those mentioned in your Question 2.

        We are of the opinion, however, that adopting the
most liberal construction of the appropriation, it cannot be
held to include any salaries or wages to the employees of such
prison industries and/or livestock or farming program.

        We trust that what we have said sufficiently
answers your inquiries.

                                Very truly yours

                        ATTORNEY GENERAL OF TEXAS


                                By (signed)
                                        Ocie Speer
                                        Assistant

OS:MR:rt

APPROVED SEPT. 17, 1946
(signed) Carlos C. Ashley
First Assistant Attorney General


This opinion considered and
approved in limited conference